IN RE GRAND JURY INVESTIGATION; PINKNEY, APPELLANT.

(No. 49053 — Decided May 13, 1985.)

*James R. Willis,* for intervenor-appellant.

*John T. Corrigan,* prosecuting attorney, and *William E. Gerstenlager,* for appellee.

NAHRA, P.J.  This is an appeal from the denial of a motion by intervenor, Arnold Pinkney, to grant sanctions against assistant county prosecutor Thomas Terry. The following facts give rise to this appeal.

During the summer of 1984 a sitting grand jury issued a subpoena duces tecum to secure certain records of the Pinkney-Perry Insurance Agency. The agency and Park Excavating and Construction Co. moved to quash the subpoena.

A hearing was held on the motion. The movants objected to the subpoena on various grounds including its scope. At one point the charge was made that the subpoena was a "fishing expedition."

The court then allowed the prosecutor to argue. He made the following statement in his opening remarks:

"What I am going to do with the documents, they will be reviewed. They will be reviewed for [*sic*] the grand jury, and copies will be maintained for the prosecutor's file, so that when an indictment issues in this case, and I assure you, gentlemen, that an indictment will, that those documents are available."

In response to a question by the court, Terry divulged that Arnold Pinkney was being investigated by the grand jury relative to a possible violation of R.C. 2921.42[1].

This hearing took place in open court on June 29, 1984. A Plain Dealer

---

[1] R.C. 2921.42 proscribes having an unlawful interest in a public contract.

reporter was present. The June 30 Plain Dealer reported what was said at the hearing.

The Washington Post subsequently ran the following story on July 1, 1984, which is reproduced in its entirety.

## "CAMPAIGN CHIEF FOR JACKSON "TARGET OF PROBE

"By Spencer Rich
"Washington Post Staff Writer

"An Ohio county prosecutor said yesterday that he expects to obtain an indictment against Arnold Pinkney, national campaign manager for Democratic presidential contender Jesse L. Jackson, for alleged violation of a statute barring a public official from having an unlawful interest in a public contract.

"Referring to a grand jury investigation of Pinkney, who has been a political ally of Ohio Gov. Richard Celeste (D) and is secretary and chief fiscal officer of the Cleveland-Cuyahoga Port Authority, Cuyahoga County prosecutor Thomas Terry said in a telephone interview 'He is under investigation and I believe an indictment will eventually be handed up . . .'

"Pinkney, who was attending a Jackson strategy conference in Chicago yesterday, refused to comment. 'I'm here on this [Jackson strategy] business and I have absolutely nothing to say about it,' Pinkney said.

"Jackson also declined to comment, saying, 'That's a matter for the grand jury, the judge and the lawyers, not me.'

"Terry's intention to seek a felony indictment was revealed Friday during arguments before Common Pleas Judge Burt Griffin over a subpoena issued by the grand jury for certain records of two Pinkney firms, Pinkney-Perry Insurance and Park Excavating and Construction.

"Lawyers for the firms sought to quash the subpoena, arguing in part that the firms would be deprived of needed business records for long periods, but Terry said in court, 'When an indictment issues in this case, and I assure you, gentlemen, an indictment will issue, all of those documents will go back to the corporations immediately.'

"Asked by Griffin whether he was 'talking felonies,' Terry told the judge that he was. Griffin is expected to rule on the subpoenas this week.

"Terry declined to disclose the specific acts for which he expects to obtain indictments.

"The Cleveland Plain Dealer, in an account of the case, said the investigation started after the paper reported that Pinkney's firm had received $40,000 to $50,000 in insurance business from firms that won leases for space or facilities from the port authority."

Pinkney filed a motion to intervene in order to allow him to press charges that Terry had violated the Code of Professional Responsibility by discussing a grand jury investigation with the Washington Post. The court allowed Pinkney to intervene but found that the prosecutor did not breach the Code of Professional Responsibility. This appeal was timely filed.

The appellant assigns one error.

"The assistant prosecutor's public assurances that appellant would be indicted were manifestly improper, prejudicial and should be punished."

Appellant alleges that Terry violated DR 7-107 of the Code of Professional Responsibility by discussing the grand jury investigation with the Washington Post. He does not challenge the propriety of Terry's initial statement which was made in open court and in response to arguments raised by opposing counsel.

DR 7-107 provides in pertinent part:

"DR 7-107 TRIAL PUBLICITY

"(A) A lawyer participating in or associated with the investigation of a criminal matter shall not make or par-

ticipate in making an extra-judicial statement that a reasonable person would expect to be disseminated by means of public communication and that does more than state without elaboration:

"(1) Information contained in a public record. * * *''

Terry did not violate DR 7-107 because his statement to the Post merely reiterated his statements made in open court during the June 29, 1984 hearing. Those statements are part of the record of that hearing and as such are in a public record. The court correctly determined that Terry fell within exception (1) to the rule.

However, it should be pointed out that Terry's original statement of opinion that the grand jury would indict was ill-considered. The grand jury alone is charged with the power to indict. Section 10, Article I of the Ohio Constitution. It was presumptuous at best for the prosecutor to guarantee an indictment would be returned. At worst, the statement may be taken to mean that he could guarantee the actions of this independent body.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

PRYATEL and PATTON, JJ., concur.